Filed 3/26/15  P. v. Sanchez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050561 |
| v. | (Super. Ct. No. 96SF0819) |
| ARTHUR JOSEPH SANCHEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Richard M. King, Judge.  Affirmed.

John E. Edwards, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Arthur Joseph Sanchez on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against his client but advised the court he found no issues to argue on his client's behalf. We gave Sanchez 30 days to file written argument on his own behalf. That time has passed, and he did not file a brief.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The *Wende* court explained a *Wende* brief is one that sets forth a summary of the proceedings and the facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When the appellant himself raises specific issues in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 124.) Here, Sanchez did not file a supplemental brief raising any issues.

Sanchez appeals from the trial court's denial of his petition for resentencing under Penal Code section 1170.126 (all further statutory references are to the Penal Code). Pursuant to *Anders v. California* (1967) 386 U.S. 738, to assist this court with our independent review, counsel provided the court with information as to the following three issues that might arguably support an appeal: (1) "[w]hether the disqualifying factor for resentencing under section 1170.126 of being armed with a firearm be proven to a jury beyond a reasonable doubt in the context of the underlying offense . . ."; (2) "[w]hether an inmate who is serving time for a conviction for possession of a firearm, not being armed with a firearm, is disqualified from resentencing under section 1170.126 . . ."; and (3) "[w]hether being armed with a firearm during the commission of the offense upon which the appellant is seeking resentencing requires some facilitative nexus to an underlying felony unrelated to possession of the firearm . . . ."

We have reviewed the record in accordance with our obligations under *Wende* and *Anders,* and considered the information provided by counsel. We found no arguable issues on appeal. The judgment is affirmed.

2

FACTS

An information alleged Sanchez, "in violation of [s]ection 12021[, subdivision] (a)(1) of the Penal Code, (POSSESSION OF FIREARM BY A FELON), a FELONY, did willfully and unlawfully own and have in his/her possession and under his/her custody and control a firearm, to wit[:] .38 cal revolver gun, after having previously been convicted of a felony." In July 1997, a jury found Sanchez guilty of that count. The weapon was loaded and located in Sanchez's waistband during a vehicle stop. The trial court found Sanchez had suffered convictions for two prior serious or violent felonies, two separate section 211 robbery convictions. The trial court sentenced Sanchez as a "Three-Strike" offender to an indeterminate sentence of 25 years to life in prison.

In March 2013, Sanchez filed a petition for recall of sentence and resentencing under section 1170.126. The prosecution filed a motion to dismiss the petition on the ground Sanchez was not eligible for resentencing because he was armed with a loaded weapon during the commission of his third strike offense. Sanchez filed opposition to the motion to dismiss, arguing section 1170.126, subdivision (e)(2), requires the prosecution to both plead and prove petitioner used a firearm or was armed with a deadly weapon; section 12021 does not exclude petitioner from resentencing under section 1170.126, subdivision (b)(2); and Sanchez falls within the intent of section 1170.126, subdivision (c).

In August 2014,[1] the trial court heard Sanchez's petition for resentencing. Citing *People v. Osuna* (2014) 225 Cal.App.4th 1020, the court held Sanchez was ineligible for resentencing under section 1170.126 because "'during the commission of the current offense, [Sanchez] used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person.'" The court stated the

---

[1] No explanation for the delay between the filing of the petition and the hearing is provided in the record.

statute disqualifies those who were armed during the commission of an offense from recall and resentencing.  Given the fact the officer arresting Sanchez located a loaded .38 caliber revolver in his waistband, the court found Sanchez was ineligible for resentencing.  The court rejected the argument there had to be a separate finding in the underlying case that Sanchez was armed.  Rather, the court found that under the statute, it was sufficient there were facts in the record of conviction demonstrating Sanchez was armed.  On that basis, the court denied Sanchez's petition for recall.

## DISCUSSION

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the possible issues raised by appellate counsel, has disclosed no reasonably arguable appellate issue.

## DISPOSITION

The judgment is affirmed.



O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


ARONSON, J.


4